UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLENE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED AIR SOLUTIONS INC.,<br><br>Defendant. | Case No. 19-CV-00613-LHK<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 49 |

Plaintiff Charlene Johnson moves for default judgment against Defendant Advanced Air Solutions, Inc. Having considered Johnson's motion, the relevant law, and the record in this case, the Court hereby GRANTS Johnson's motion.

## I.      BACKGROUND

### A.  Factual Background

Plaintiff Charlene Johnson lives in San Jose, California. ECF No. 1 ("Compl.") ¶ 11. Defendant Advanced Air Solutions, Inc. ("Advanced Air") is a California corporation with its principal place of business in California. *Id.* ¶ 8. Defendant Castle Credit Co. Holdings, LLC ("Castle Credit") is a Florida limited liability company, with its principal place of business in Illinois. *Id.* ¶ 9.

United States District Court
Northern District of California

In August 2017, Johnson purchased a "Kirby" branded vacuum cleaner on credit from a salesman named Eric Garcia.  *Id.* ¶ 12.  The initial balance due on the Kirby vacuum cleaner was $2,713.31.  ECF No. 50 ("Johnson Decl."), Ex. 4.

Several months later, in February 2018, Garcia again visited Johnson's home to sell her a different vacuum cleaner from Defendant Advanced Air, the "Rainbow" vacuum cleaner.  Compl. ¶ 13.  In order to sell her the Rainbow vacuum cleaner, Garcia promised that Advanced Air would pay off the remaining balance on the Kirby vacuum cleaner.  *Id.*  Johnson agreed to purchase the Rainbow vacuum cleaner, and Garcia took possession of the Kirby vacuum cleaner.  *Id.* ¶¶ 13, 14. Upon her purchase of the Rainbow vacuum cleaner, Johnson signed an agreement (the "February 2018 purchase agreement") that she alleges failed to comply with certain disclosure requirements under federal and state law.  *Id.* ¶¶ 15–16.  Additionally, Johnson alleges that Advanced Air never paid off the balance on the Kirby vacuum cleaner, as Garcia had promised when Garcia took the Kirby vacuum cleaner.  *Id.* ¶ 33.

Under the terms of the February 2018 purchase agreement,[1] Johnson would purchase the Rainbow vacuum for an initial price of $4,895.00, after taxes.  *See* ECF No. 51 ("Maurer Decl."), Ex. 2.  Johnson was to make monthly payments of $146.85 over the course of approximately 52 months.  Johnson Decl., Ex. 3.  Accordingly, Johnson was expected to pay almost $3,000 in interest over the course of the financing agreement for a total payment of approximately $7,605.69 for the Rainbow vacuum cleaner.  *Id.*

On February 4, 2019, Johnson filed a complaint against Advanced Air and Castle Credit (collectively, "Defendants").  *See* Compl.  Johnson alleges that Advanced Air eventually assigned the agreement to Defendant Castle Credit.  Compl. ¶ 21.  On February 22, 2020, Johnson and Castle Credit stipulated to dismissal with prejudice of Johnson's claims against Castle Credit, ECF No. 55, and thus Castle Credit's liability is not at issue in the instant motion.

On July 9, 2019, Johnson filed proof of service showing that Advanced Air was served

---

[1]

Case No. 19-CV-00613-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

with the summons and the complaint.  ECF No. 33.  Advanced Air failed to respond to the
Complaint.  Accordingly, on October 22, 2019, Johnson moved the Clerk of Court for an entry of
default against Advanced Air.  ECF No. 38.  On October 24, 2019, the Clerk entered default
against Advanced Air.  ECF No. 40.  On December 5, 2019, Johnson filed the instant motion for
default judgment against Advanced Air.  ECF No. 49.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default
judgment when the Clerk, under Rule 55(a), has previously entered the party's default.  Fed. R.
Civ. P. 55(b).  "The district court's decision whether to enter a default judgment is a discretionary
one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Once the Clerk of Court enters
default, all well-pled allegations regarding liability are taken as true, except with respect to
damages.  *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to
the determination of liability and the default judgment itself, the general rule is that well-pled
allegations in the complaint regarding liability are deemed true."); *TeleVideo Sys. v. Heidenthal*,
826 F.2d 915, 917-18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint,
except those relating to the amount of damages, will be taken as true."); *Philip Morris USA v.
Castworld Prods.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[B]y defaulting, Defendant is deemed
to have admitted the truth of Plaintiff's averments.").  "In applying this discretionary standard,
default judgments are more often granted than denied."  *Philip Morris*, 219 F.R.D. at 498.

"Factors which may be considered by courts in exercising discretion as to the entry of a
default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of
plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in
the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was
due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil
Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.
1986).

## III.    DISCUSSION

3

United States District Court
Northern District of California

United States District Court
Northern District of California

### A.  Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.  A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).  The Court thus begins by evaluating subject matter jurisdiction and personal jurisdiction.

### 1.  Subject Matter Jurisdiction

The Court finds that it has jurisdiction over this case under 28 U.S.C. § 1331 (federal question jurisdiction) and § 1367(a) (supplemental jurisdiction).  Specifically, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Johnson asserts a federal claim under the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.  See* 28 U.S.C. § 1331 (federal question jurisdiction).  Furthermore, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Johnson's state law claims because these claims arise from a "common nucleus of operative facts" as the federal claim.  28 U.S.C. § 1367(a); *see Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019) (noting that supplemental jurisdiction over a claim is proper where the claims arise from a "common nucleus of operative facts" as a claim for which a court has jurisdiction) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1288 (9th Cir. 2013)).  Accordingly, the Court has subject matter jurisdiction over Johnson's claims.

### 2.  Personal Jurisdiction

To determine the propriety of asserting personal jurisdiction over a defendant, the Court examines whether such jurisdiction is permitted by the applicable state's long-arm statute and whether jurisdiction comports with the demands of federal due process.  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003).  California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, and therefore the jurisdictional analyses under state law and federal due process are the same.  *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Mavrix Photo, Inc. v.*

4

1    *Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long-arm statute . . . is

2    coextensive with federal due process requirements, so the jurisdictional analyses under state law

3    and federal due process are the same.").

4           For a court to exercise personal jurisdiction over a defendant consistent with due process,

5    that defendant must have "certain minimum contacts" with the relevant forum "such that the

6    maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

7    *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457,

8    463 (1940)).  In addition, "the defendant's 'conduct and connection with the forum State' must be

9    such that the defendant 'should reasonably anticipate being haled into court there.'"  *Sher v.*

10   *Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkwagen Corp. v. Woodson*,

11   444 U.S. 286, 297 (1980)).

12          A court may exercise either general or specific jurisdiction over a defendant.  *Ziegler v.*

13   *Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).  General jurisdiction exists where a defendant

14   is physically present or where a defendant's activities in the state are "continuous and systematic"

15   such that the contacts approximate physical presence in the forum state.  *See Schwarzenegger v.*

16   *Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted).  The Court may

17   exercise general jurisdiction over a defendant who is domiciled in the forum state.  *Panavision*

18   *Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  If general jurisdiction is

19   inappropriate, a court may still exercise specific jurisdiction if the defendant "has sufficient

20   contacts with the forum state in relation to the cause of action."  *Sher*, 911 F.2d at 1361.

21          Here, Johnson alleges that Advanced Air is domiciled in California, where Advanced Air

22   is incorporated and has its principal place of business.  Accordingly, the Court has general

23   personal jurisdiction over Advanced Air.  *See Panavision*, 141 F.3d at 1320.

24          Additionally, for the Court to exercise personal jurisdiction over a defendant, the defendant

25   must have been served in accordance with Federal Rule of Civil Procedure 4.  *See Jackson v.*

26   *Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with

27   Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." (footnote

28

*United States District Court*
*Northern District of California*

5

1   omitted)).

2        Here, the Court finds that service on Advanced Air was proper.  Johnson first made

3   numerous unsuccessful efforts to locate and serve Advanced Air's officers, including Advanced

4   Air's registered agent for service of process.  Mot. at 4–5.  Thereafter, on June 28, 2020, United

5   States Magistrate Judge Susan van Keulen ordered that Johnson serve Advanced Air by hand

6   delivery to the California Secretary of State or any person employed in that office as an assistant

7   or deputy.  ECF No. 29.  On July 9, 2019, Johnson filed proof that the California Secretary of

8   State was served the summons and complaint on behalf of Advanced Air on July 2, 2019.  ECF

9   No. 33.  Such manner of service was authorized by Federal Rule of Civil Procedure 4(h)(1)(A) and

10  California Corporations Code § 1702.  *See also* ECF Nos. 24, 25 (declarations documenting

11  efforts to serve Advanced Air).  Accordingly, the Court has personal jurisdiction over Advanced

12  Air.

### B. Whether Default Judgment is Proper

13

14       Having determined that the exercise of subject matter jurisdiction and personal jurisdiction

15  over the Defendant is appropriate, the Court now turns to the *Eitel* factors to determine whether

16  entry of default judgment against the Advanced Air is warranted.

### 1. First *Eitel* Factor: Possibility of Prejudice

17

18       Under the first *Eitel* factor, the Court considers the possibility of prejudice to a plaintiff if

19  default judgment is not entered against a defendant.

20       Johnson merely argues that "plaintiff will be prejudiced if she cannot recover a judgment

21  against AAS."  Mot. at 12.  Courts within the Ninth Circuit have held that the possibility of relief

22  from other co-defendants "weighs against granting default judgment or is, at best, neutral."  *See,*

23  *e.g.*, *Aifang v. Velocity VIII L.P.*, No. CV 14-07060 SJO (MRWx), 2016 WL 5420641, at *3 (C.D.

24  Cal. Sept 26, 2016) (explaining that the plaintiff had secured a judgment from one defendant and

25  settled with four other defendants).  Here, Johnson's motion for default judgment fails to address

26  the other Defendant in this case, Castle Credit.  Johnson and Castle Credit filed a stipulation of

27  dismissal with prejudice on February 22, 2020.  ECF No. 55.  Neither the stipulation of dismissal

28

United States District Court
Northern District of California

nor Johnson's motion explains what substantive relief, if any, Johnson received from Castle Credit.  *See* ECF No. 55; Mot at 12.  Absent any indication whether Johnson obtained any relief from Castle Credit, the Court finds that this factor is, at best, neutral.

### 2. Second and Third *Eitel* Factors: Merits of Johnson's Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors address the merits and sufficiency of Johnson's claims as pleaded in the Complaint.  Courts often analyze these two factors together.  *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").  In its analysis of the second and third *Eitel* factors, the Court will accept as true all well-pled allegations regarding liability.  *See Fair Hous. of Marin*, 285 F.3d at 906 ("[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true.").  The Court will therefore consider the merits of Johnson's claims and the sufficiency of the Complaint together.

Johnson asserts three claims against Advanced Air: (1) violation of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; (2) violation of the California Home Solicitation Sales Act, Cal. Civil Code § 1689.5, *et seq.*; and (3) violation of the California Consumer Legal Remedies Act, Cal. Civil Code § 1750, *et seq*.  The Court addresses each of the claims in turn.

#### a. Claim 1: Truth in Lending Act

In her first claim, Johnson asserts that Defendants violated the Truth in Lending Act ("TILA") by entering into a consumer credit contract with Johnson without properly disclosing the financing terms.  Compl. ¶¶ 17–24.  The Court first provides an overview of the applicable TILA provisions before turning to Johnson's specific claims under the TILA.

"Congress enacted the Truth in Lending Act in 1968 to strengthen the 'informed use of credit' by requiring meaningful disclosure of credit terms to consumers." *In re Ferrell*, 539 F.3d 1186, 1189 (9th Cir. 2008) (quoting 15 U.S.C. § 1601(a)).  To that end, the TILA requires certain creditors to make disclosures about the terms of financing to their consumers.  For example,

United States District Court
Northern District of California

United States District Court
Northern District of California

Section 1638 applies to "transactions other than under an open end credit plan" and sets forth certain disclosures that a creditor must make, as well as the form and timing of those disclosures. *See id.*  Specifically, subsection (a) sets forth the specific required disclosures, which include in relevant part:

> For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable
>
> . . .
>
> (3) The "finance charge", not itemized, using that term.
>
> (4) The finance charge expressed as an "annual percentage rate", using that term . . . .
>
> (5) The sum of the amount financed and the finance charge, which shall be termed the "total of payments".
>
> (6) The number, amount, and due dates or period of payments scheduled to repay the total of payments.

*Id.* § 1638(a)(3)–(6).  Subsection (b) sets forth the required form and timing of the disclosures:

> (1) Except as otherwise provided in this part, the disclosures required under subsection (a) shall be made before the credit is extended.  Except for the disclosures required by subsection (a)(1) of this section, all disclosures required under subsection (a) . . . shall be conspicuously segregated from all other terms, data, or information provided in connection with a transaction, including any computations or itemization.

*Id.* § 1638(b)(1).

Section 1640 sets forth the remedies available for violations of the TILA.  As pertinent to the instant motion, § 1640(a)(2)(A)(i) provides for statutory damages "in the case of an individual action twice the amount of any finance charge in connection with the transaction."  Section 1640 also provides other forms of relief, including actual damages.  *See* 15 U.S.C. § 1640(a)(1).  However, because Johnson only moves for statutory damages as to her TILA claim, *see* Mot. at 7–8, those other forms of relief are not applicable to the instant motion.

However, the statutory damages have a few limitations.  First, as Johnson acknowledges, the United States Supreme Court has held that a statutory cap of $2,000 applies to individual actions relating to consumer leases or loans such as in the instant case.  Mot. at 7 (citing *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50 (2004)).  Second, the Ninth Circuit has held that where a required disclosure merely violates § 1638(b)(1) because it is untimely, such a violation

8

cannot give rise to statutory damages because § 1638(b) is not listed in the statutory damages provision. *In re Ferrell*, 539 F.3d at 1190–91.

Here, as a threshold matter, 15 U.S.C. § 1602(g) requires a "creditor" to "regularly extend[] . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required" in order to be covered under the TILA. Johnson alleges that Advanced Air is subject to the TILA's disclosure requirements as a "creditor" within the meaning of the TILA because Advanced Air "enters into at least 26 vacuum contracts with consumers each year, and such contracts are payable in more than four installments and/or subject to a finance charge." Compl. ¶ 18; *see* 15 U.S.C. § 1602(g). The Court accepts this allegation as true. *See Fair Hous. of Marin*, 285 F.3d at 906 ("[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

Next, Johnson alleges that Advanced Air violated TILA on four different grounds. Specifically, Johnson alleges that, as a creditor under the TILA, Advanced Air violated the TILA's disclosure requirements, 15 U.S.C. § 1638(a)(3)–(6), because Johnson's contract with Advanced Air "did not list the 'Annual Percentage Rate', 'Finance Charge', 'Total of Payments' or 'Total Sales Price.'" Compl. ¶ 20. In support of her motion, Johnson provides three documents that she received in connection with her purchase of the Rainbow vacuum cleaner: (1) a copy of the February 2018 purchase agreement, Johnson Decl., Ex. 1; (2) a copy of a "Revolving Credit Plan" document that she received on the same day that she signed the February 2018 purchase agreement, Johnson Decl., Ex. 2; and (3) a copy of her March 25, 2018 statement, which is her first statement for the Rainbow vacuum purchase, Johnson Decl., Ex. 3. Construing the complaint together with these documents provided by Johnson, the Court finds that Johnson has adequately alleged that Advanced Air violated 15 U.S.C. § 1638(a)(3), which requires the disclosure of the "Finance Charge." Accordingly, the Court need not reach Johnson's three alternative grounds for Johnson's TILA claim, 15 U.S.C. §§ 1638(a)(4)–(6), which require the disclosure of the "Annual Percentage Rate," the "Total of Payments," or "Total Sales Price." The Court addresses each provision in turn below.

Case No. 19-CV-00613-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

First, Section 1638(a)(3) requires disclosure of the "finance charge" for a transaction using the term "finance charge."  *See also id.* § 1605 (defining the finance charge as the "sum of all charges . . . [imposed] as an incident to the extension of credit").  Johnson alleges that the contract failed to disclose the finance charge.  Compl. ¶ 20.  Consistent with Johnson's description, nowhere in the February 2018 purchase agreement is any finance charge disclosed.  *See* Johnson Decl. Ex. 1.  In the boilerplate "Revolving Credit Plan" addendum that Advanced Air provided on the same day, Advanced Air provided further terms of the financing, including a description titled "Finance Charges."  *Id.*, Ex. 2.  However, rather than disclosing the finance charge, the section merely describes how the consumer may calculate the finance charge based on the periodic rate and the Average Daily Balance.  *Id.*  No other document provided by Advanced Air purports to disclose the finance charge.  The Court deems Johnson's well-pled allegations in the complaint as to Advanced Air's liability as to Section 1638(a)(3) to be true.  *Fair Hous. of Marin*, 285 F.3d at 906.  As such, the Court finds that Johnson's complaint has adequately pleaded a violation of 15 U.S.C. § 1638(a)(3).

The Court next addresses Sections 1638(a)(4)-(a)(6) together by first setting forth the facts as to each alleged violation and then discussing issues raised by the facts.  However, because the Court has already found that Johnson's complaint adequately pleaded a violation of Section 1638(a)(3), the Court ultimately declines to reach these alleged violations.

Section 1638(a)(4) requires disclosure of the "finance charge expressed as an 'annual percentage rate', using [the term 'annual percentage rate']."  Johnson alleges that the contract failed to disclose the annual percentage rate.  Compl. ¶ 20.  Although no annual percentage rate term appeared on the face of the February 2018 purchase agreement, Johnson Decl., Ex. 1–2, the annual percentage rate does appear on the "Revolving Credit Plan" addendum that she received on the same day, *id.*, Ex. 2.  That document discloses a 20.99% Annual Percentage Rate for California residents.  *Id.*  The annual percentage rate disclosed in the addendum is also listed on the March 25, 2018 statement, id., Ex. 3, and was utilized by Johnson to calculate the finance charge, ECF No. 51 ("Maurer Decl.") ¶ 5.

United States District Court
Northern District of California

United States District Court
Northern District of California

Section 1638(a)(5) requires disclosure of the "sum of the amount financed and the finance charge, which shall be termed the 'total of payments.'" Johnson alleges that the contract failed to disclose the total of payments. Compl. ¶ 20. Although no total of payments appeared on the face of the February 2018 purchase agreement or the Revolving Credit Plan addendum, *see* Johnson Decl., Exs. 1–2, it appears that the total of payments is disclosed on a March 25, 2018 statement, see id., Ex. 3. That document discloses that the total estimated payment, calculated based on the minimum payment for a term of 52 months, amounts to $7605.69. *Id.*

Section 1638(a)(6) requires disclosure of "the number, amount, and due dates or period of payments scheduled to repay the total of payments." Crucially, Johnson does not allege that Advanced Air failed to disclose this information. *See* Compl. ¶ 20 ("[T]he contract did not list the 'Annual Percentage Rate', 'Finance Charge', 'Total of Payments' or 'Total Sales Price.'"). This information appears on the March 25, 2018 statement, which explains that Johnson is expected to make the minimum payment for 52 months. Johnson Decl., Ex. 3.

As stated above, pursuant to § 1638(b)(1), the disclosures required by Section 1638(a)(4)–(6) must be made "before the credit is extended." Plaintiff's complaint does not state whether Plaintiff received the "Revolving Credit Plan" addendum before she signed the February 2018 purchase agreement. Plaintiff states only that she received the addendum on the same day that she signed the February 2018 purchase agreement. Johnson Decl. ¶ 2. Moreover, any disclosures in the March 25, 2018 statement would not be timely pursuant to § 1638(b)(1). However, as stated above, a violation of the timing requirement of Section 1638(b)(1) does not give rise to statutory damages, which is the only form of damages Johnson requests for her TILA claim. Accordingly, the Court need not reach Johnson's TILA claim based on Advanced Air's alleged violations of 15 U.S.C. § 1638(a)(4)–(6).

In sum, Plaintiff has adequately pleaded a violation of the TILA under § 1638(a)(3).

### b. Claim 2: California Home Solicitation Sales Act

In her second claim, Johnson alleges that Advanced Air violated the California Home Solicitation Sales Act ("HSSA"), Cal. Civil Code § 1689.7(c), by providing a "Notice of

1   Cancellation" in a "font smaller than the 10 point requirement," and by listing the wrong seller's

2   address.  Compl. ¶ 28.  In her motion for default judgment, Johnson argues that she is entitled

3   under the HSSA to a declaration that she may retain the vacuum with no further obligation

4   pursuant to California Civil Code section 1689.11(a).  Mot. at 9.  The Court finds that Johnson has

5   adequately alleged her second claim under the HSSA.

6      Specifically, Johnson alleges in her complaint that the purchase agreement constituted a

7   "home solicitation sales contract" pursuant to California Civil Code section 1689.5(a) because it

8   "was solicited and entered into [at] Ms. Johnson's apartment."  Compl. ¶ 26.  As a home

9   solicitation sales contract, Advanced Air was required under the HSSA to provide a "completed

10   form in duplicate, captioned 'Notice of Cancellation' . . . in type of at least 10-point."  *See* Cal.

11   Civil Code § 1689.7(c).  Further, the "Notice of Cancellation" was required to contain specific

12   language about the purchaser's right to cancel, as well as other information, such as the address of

13   the seller.  *Id.*  Johnson alleges that the "Notice of Cancellation" was "in a font smaller than the 10

14   point requirement."  Compl. ¶ 28.  Johnson also alleges that Advanced Air erroneously listed its

15   address as in San Jose, when Advanced Air was in fact located in San Leandro.  *Id.*

16      In light of these violations, the Court agrees with Johnson that she would be entitled to the

17   relief she seeks in the instant motion, which is a declaration that she may lawfully retain the

18   Rainbow vacuum with no further obligations to pay Advanced Air.  Mot. at 9.  California Civil

19   Code section 1689.7(g) provides that "[u]ntil the seller has complied with the obligations imposed

20   by [section 1689.7] the buyer may cancel the home solicitation contract or offer."  Johnson alleges

21   that she provided Advanced Air with notice of her cancellation by no later than October 2018.

22   Mot. at 9; *see* Maurer Decl. Ex. 4.  However, Johnson argues that Advanced Air failed to respond

23   and thus forfeited its right to demand possession of the Rainbow vacuum cleaner within 20 days of

24   her notice of cancellation, as required by California Civil Code section 1689.11(a).  *See* Mot. at 9.

25   For purpose of the instant motion, the Court accepts Johnson's allegations as true.  *See Fair Hous.*

26   *of Marin*, 285 F.3d at 906.

27      Accordingly, the Court finds that Johnson has stated a claim for relief under the HSSA.

28                12

1    *See* Cal. Civil Code § 1689.7(c).  The Court further GRANTS Johnson's request that the Court

2    enter a declaration as to Advanced Air that Johnson may retain the Rainbow vacuum cleaner

3    without further obligation to pay Advanced Air.  *See* Mot. at 9.

4               **c.   Claim 3: Consumers Legal Remedies Act**

5          In her third claim, Johnson alleges that Advanced Air violated the Consumers Legal

6    Remedies Act ("CLRA"), Cal. Civil Code § 1770(a), by inducing her into the purchase of the

7    Rainbow vacuum cleaner under the false promise that Advanced Air would pay off the balance for

8    her prior Kirby vacuum cleaner purchase.  Compl. ¶ 33.  Specifically, Johnson alleges, "Advanced

9    Air's agent promised Mrs. Johnson that Advanced Air would pay off Mrs. Johnson's account

10   balance on the prior Kirby vacuum purchase if she purchased the Rainbow vacuum.  The agent

11   knew that Advanced Air would not pay off the Kirby when he made the above-referenced

12   representations and/or he knew he did not have the authority to make such an agreement."  Compl.

13   ¶ 33.

14         The Court finds that these allegations state a claim under the CLRA, Cal. Civil Code §

15   1770(a).  First, paragraph (13) prohibits a salesperson from "[m]aking false or misleading

16   statements of fact concerning reasons for, existence of, or amounts of, price reductions."  *Id.* §

17   1770(a)(13).  Further, paragraph (17) prohibits a salesperson from "[r]epresenting that the

18   consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is

19   contingent on an event to occur subsequent to the consummation of the transaction."  *Id.* §

20   1770(a)(17).  Finally, paragraph (18) prohibits a salesperson from "[m]isrepresenting the authority

21   of a salesperson, representative, or agent to negotiate the final terms of a transaction with a

22   consumer.  *Id.* § 1770(a)(18).  Accepting Johnson's allegations as true, the Court agrees that

23   Johnson has plausibly stated a claim under the CLRA pursuant to paragraphs (13), (17), and (18)

24   of California Civil Code section 1770(a).

25              **d.   Summary**

26         The Court finds that Johnson has sufficiently pleaded all three claims in her complaint for

27   violations of the Truth in Lending Act, the Home Solicitation Sales Act, and the Consumers Legal

28

13

United States District Court
Northern District of California

Remedies Act, respectively.  Accordingly, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

### 3.   Fourth *Eitel* Factor: The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo Inc. v. Cal Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *see also Eitel*, 782 F.2d at 1471-72.  "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable."  *Trung Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).  Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the potential loss caused by the defendant's actions.  *Id.*

Here, Johnson's motion for default judgment seeks to recover a total of $7,189.03, comprised of "$2,449.76 in actual damages, $2,000.00 in statutory damages, $2,188 in attorney fees, and $551.27 in costs."  Mot. at 4.  Courts have found that this factor "presents no barrier to default judgment" even when millions of dollars were at stake, as long as the potential damages were "proportional to the harm alleged."  *See Liu Hongwei v. Velocity V Ltd.*, No. 2:15-cv-05061-ODW-E, 2018 WL 3414053, at *8 (C.D. Cal. July 11, 2018) (finding that a request of $4,000,000 was justified); *United States v. Roof Guard Roofing Co.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) (holding that a request "totaling over a million dollars" was reasonable because the tax debt was substantiated with proof provided by the government).

Here, the Court finds that Johnson's request for $7,189.03 is comparatively insubstantial and is proportional to the numerous federal and state law violations set forth in Johnson's complaint.  In fact, Johnson's request for $7,189.03 is less than the amount she was expected to pay for the Rainbow vacuum cleaner over the course of 52 months.  *See* Johnson Decl., Ex. 3 (estimating total payment of $7,605.69).  Thus, the fourth *Eitel* factor weighs in favor of default judgment.

### 4.   Fifth and Sixth *Eitel* Factors: Potential Disputes of Material Fact and Excusable

14

United States District Court
Northern District of California

**Neglect**

The fifth *Eitel* factor considers the possibility of disputes as to any material facts in the case.  Defendant has failed to make an appearance in this case.  The Court therefore takes the allegations in the Complaint as true.  *Fair Hous. of Marin*, 285 F.3d at 906.  Given that posture, as well as the fact that this is a dispute where the terms of payment have largely been set forth in writing, the Court finds that disputes of material facts are unlikely.

The sixth *Eitel* factor considers whether failure to appear was the result of excusable neglect.  A summons was issued for Advanced Air on February 5, 2019.  ECF No. 6.  Judge van Keulen ordered Johnson to serve the summons and complaint on Advanced Air by way of the California Secretary of State, in large part because Advanced Air's registered agent for service could not be located.  ECF No. 29.  Any difficulties in service were thus a result of Advanced Air's own failure to properly update information for its registered agent for service.  In any event, Johnson filed proof of service on July 9, 2019, ECF No. 33, but Advanced Air has not appeared in this case.  Given these facts, nothing before the Court suggests that Advanced Air's failure to appear was the result of any excusable neglect.  In these circumstances, it appears that Advanced Air has no excusable reason to fail to appear in the instant case.

The fifth and sixth *Eitel* factors thus favor entry of default judgment.

### 5.  Seventh *Eitel* Factor: Policy Favoring Decision on the Merits

While the policy favoring decision on the merits generally weighs strongly against awarding default judgment, district courts have regularly held that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself.  *See, e.g.*, *Naturemarket, Inc.*, 694 F. Supp. 2d at 1061; *Hernandez v. Martinez*, No. 12-CV-06133-LHK, 2014 WL 3962647, at *9 (N.D. Cal. Aug. 13, 2014).  Although Advanced Air has been properly served, Advanced Air has not made an appearance nor challenged the entry of default.  Thus, the likelihood of the case proceeding to a resolution on the merits is unlikely.  Accordingly, the Court finds that this factor slightly weighs against default judgment.

### 6.  Balancing of the *Eitel* Factors

Case No. 19-CV-00613-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

In sum, the first factor, the possibility of prejudice to the plaintiff, is neutral, and thus does not weigh in the Court's consideration. Five of the *Eitel* factors in this case weigh in favor of default judgment: the merits of plaintiff's substantive claim, the sufficiency of the complaint, the sum of money at stake in the action, the possibility of a dispute concerning material facts, and excusable neglect. *See Eitel*, 782 F.2d at 1471–72. The last factor, the policy favoring decisions on the merits, weights slightly against default judgment.

The Court finds that the seventh *Eitel* factor is outweighed by the five factors in this case that favor default judgment. *See, e.g.*, *Hernandez*, 2014 WL 3962647, at *9 (seventh *Eitel* factor outweighed by remaining six factors where defendants failed to appear for over a year and a half prior to the default judgment). The Court therefore finds that default judgment is appropriate in this case.

## C.  Damages

A plaintiff seeking default judgment "must also prove all damages sought in the complaint." *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1046 (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). Federal Rule of Civil Procedure 55 does not require the Court to conduct a hearing on damages, as long as the Court ensures that there is an evidentiary basis for the damages awarded in the default judgment. *See Action SA v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991), *abrogated on other grounds as recognized by Day Spring Enters., Inc. v. LMC Int'l, Inc.*, No. 98-CV-0658A(F), 2004 WL 2191568 (W.D.N.Y. Sept. 24, 2004).

As discussed above, Johnson seeks (1) $2,449.76 in actual damages, (2) $2,000.00 in statutory damages, (3) $2,188 in attorney fees, and (4) $551.27 in costs. The Court addresses each in turn.

### 1.  Actual Damages

Johnson's request for actual damages of $2,449.76 from Advanced Air arise from her claim under the CLRA, and specifically, California Civil Code section 1780(a)(1), which authorizes an award of actual damages. *See* Compl. at 8; Mot. at 8.

16

Specifically, Johnson's actual damages are comprised of her outstanding balance on her purchase of the Kirby vacuum cleaner, which Advanced Air's agent promised to pay off in exchange for Johnson's purchase of the Rainbow vacuum cleaner.  Compl. ¶ 33; Mot. at 8.  To substantiate the amount of $2,449.76, Johnson submitted as an exhibit to her declaration a copy of her account statement for the Kirby vacuum, which showed an original financed amount of $2,713.31 and included a history of the payments that had been made on the account.  *See* Johnson Decl., Ex. 4.

Johnson's counsel submitted a declaration explaining how he arrived at the balance of $2,449.76 that was due in February 4, 2018, when Advanced Air's agent promised to pay off the balance.  Maurer Decl.  ¶ 7.  Specifically, Johnson's counsel simply subtracted the payments made on the principal balance owed prior to February 4, 2018.  However, Johnson's counsel appears to have inadvertently used the wrong principal payment for October 2017 because he subtracted $10.01 rather than $31.01.  *Compare* Maurer Decl. ¶ 7, *with* Johnson Decl., Ex. 4 at 2.  When recalculated using the correct amount, the Court finds that Johnson has met her burden of proving actual damages in the amount of $2,459.76, which was her balance owed on the Kirby vacuum purchase on February 4, 2020.

### 2.  Statutory Damages

Johnson's request for statutory damages of $2,000.00 from Advanced Air arise from her claim under the Truth in Lending Act.  Specifically, 15 U.S.C. § 1640(a) authorizes a civil penalty for "twice the amount of any finance charge in connection with the transaction."  However, as Johnson acknowledges, the United States Supreme Court has held that the statutory cap of $2,000 applies to individual actions relating to consumer leases or loans such as in the instance case.  Mot. at 7 (citing *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50 (2004)).

Here, Johnson submits a declaration to evidence her principal balance and expected total payments for the Rainbow vacuum.  Johnson Decl., Ex. 3.  Johnson also submits a declaration from her counsel that calculates the total finance charge over the life of the vacuum contract to be $2,5771.21.  Maurer Decl. ¶ 5.  This amount is roughly in line with the difference between the

17

initial principal, $4,895.00, and the estimated total payment over the course of the contract, $7,605.69.  *See* Johnson Decl., Ex. 3.  This finance charge exceeds the statutory cap of $2,000.00 and is accordingly reduced to the $2,000.00 cap.  *See* 15 U.S.C. § 1680(a)(2)(A)(ii).  Thus, the Court finds that Johnson has met her burden to prove her $2,000.00 in statutory damages.

### 3.  Attorney's Fees

In this action, Johnson is entitled to an award of attorney's fees, as provided for by both the TILA, 15 U.S.C. § 1640(a)(3), and the CLRA, Cal. Civil Code §1780(e).

Courts in the Ninth Circuit calculate attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted); *see, e.g.*, *Tom Ver LLC v. Organic Alliance, Inc*, No. 13-CV-03506-LHK, 2015 WL 6957483 (N.D. Cal. Nov. 11, 2015).  A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (citation omitted).  Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *U. Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In the instant case, Johnson request the following fees:

| Name | Position | Time | Rate | Lodestar |
|------|----------|------|------|----------|
| Sam King | Certified Law Student | 0.3 hrs | $160/hr | $48.00 |
| Jesse Castellano | Certified Law Student | 2.5 hrs | $160/hr | $400.00 |
| Reuben Castillo | Paralegal | 0.8 hrs | $125/hr | $100.00 |
| Jessie Smith | Certified Law Student | 4.0 hrs | $160/hr | $640.00 |
| Scott Maurer | Attorney | 2.0 hrs | $500/hr | $1,000.00 |

18

| | | TOTALS | 9.6 hrs | | $2,188.00 |
|---|---|---|---|---|---|

Mot. at 11.  Furthermore, in his declaration, Johnson's counsel explains that these time records are

kept contemporaneously and were significantly reduced from a total of over 90 hours to the

claimed 9.6 hours for purposes of this motion.  Maurer Decl. ¶ 11.  Counsel explains how he

reduced these hours:

> I adhered to the following guidelines in reducing the time logged into our system
> (over 90 hours) to the claimed time of 9.6 hours: 1) no time was charged for clerical
> work, such as copying and filing; 2) I eliminated or greatly reduced the number of
> hours I spent supervising certified law students, even though all actions by those
> students were pre-approved by me; 3) no time was charged for law students to learn
> the facts of the case; 4) no time was charged for the time students spent to familiarize
> themselves with the basics of the relevant statutes; 5) in order to ensure that the time
> charged was "reasonably necessary," over 60 hours of law student time were
> eliminated in the exercise of billing judgment.

*Id.*  Further, counsel provided the billing descriptions for each of the 9.6 hours charged.  *Id.*, Ex. 5.

Having reviewed the billing records submitted by counsel, the Court finds that the charges were

reasonably incurred in pursuit of the instant case and motion for default judgment, in which the

Court has found that Johnson has sufficiently pleaded three claims.

Turning to the requested attorney's fees' rates, attorney Maurer, who has over 20 years of

experience in a clinical setting, bills at a rate of $500 per hour.  In another case in this District

involving a TILA claim, the court found that a rate of $515 per hour was reasonable for an

attorney with 11 years' experience.  *Foster v. EquityKey Real Estate Investments L.P.*, No. 17-CV-

00067-HRL, 2017 WL 4237018, at *4–5 (N.D. Cal. Sept. 25, 2017).  Moreover, Maurer's

declaration states that, in his most recent fee award in November 2017, he was awarded his full

$500 per hour fee in a case before the California Superior Court for the County of San Mateo.

Maurer Decl. ¶ 9.  Thus, the Court finds that a rate of $500 per hour is reasonable for attorney

Maurer.

Johnson also seeks fees for the work of three certified law students at a rate of $160 per

hour.  This Court has found that a fee of $180 per hour for a law student practicing at a consumer

law clinic was a reasonable fee.  *See Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2016

WL 7230873, at *7 (N.D. Cal. Dec. 14, 2016).  Thus, the Court finds that a rate of $160 per hour

United States District Court
Northern District of California

for each of the three certified law students who worked on this case is reasonable.

Finally, Johnson seeks fees for the work of paralegal Reuben Castillo billed at a rate of $125 per hour.  Johnson does not provide any information on either Castillo's level of experience or the prevailing market rate for a parelegal of Castillo's experience and skill.  Therefore, the Court excludes Castillo's 1 hour of work from the fee award.

Because the Court grants Johnson's attorney's fees as requested with the exception of one hour billed by paralegal Reuben Castillo, the total lodestar is $2,088.00.  Because the Court finds that the hours charged and fee rates are reasonable, the Court GRANTS Johnson $2,088.00 in attorney's fees.

### 4.  Costs

Turning to the requested costs, Johnson's counsel only seeks reimbursement for costs associated with their attempts to serve Advanced Air with the summons and complaint.  Mot. at 12.  Although the Court finds that these expenses are reasonable, the Court notes that there is a discrepancy between the total sum of the invoices submitted, which amounts to $601.37, and the amount requested by Johnson, which amounts to $551.27.  *Compare* Maurer Decl., Ex. 6, *with* Mot. at 12.  In any event, because Johnson substantiated her requests for at least the full $551.27 amount that she requested, the Court GRANTS $551.27 in costs.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Johnson's motion for default judgment against Advanced Air.  Specifically, the Court GRANTS Johnson the following relief:

- A declaration, as to Advanced Air, that Johnson may retain the Rainbow vacuum cleaner without further obligation to pay Advanced Air;
- Monetary relief in the amount of $7,099.03, consisting of $2,459.76 in actual damages, $2,000.00 in statutory damages, $2,088.00 of attorney's fees, and $551.27 in costs.

**IT IS SO ORDERED.**

Case No. 19-CV-00613-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Dated: April 30, 2020

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

Case No. 19-CV-00613-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT